## COLONNA'S SHIPYARD, Inc., v. LOWE, Deputy Com'r.

District Court, E. D. Virginia. November 16, 1927.

1. Admiralty ⊂⊃20—State compensation laws do not apply to maritime injuries, where contract and tort is maritime, unless matter is of "mere local concern."

The rule with respect to application of state workmen's compensation laws to maritime injuries is that, when the contract is maritime and the tort maritime, unless the matter is of mere local concern, the state may not provide relief for the injury through state compensation laws, but where the contract is maritime and the injury nonmaritime, or where the contract is nonmaritime and the injury maritime, state compensation laws may provide relief.

2. Admiralty ⊂⊃20—State Workmen's Compensation Law held applicable to injury of painter on vessel on marine railway and action under federal statute was precluded (Longshoremen's and Harbor Workers' Compensation Act, § 3 [a], being 33 USCA § 903 [a]).

Where a workman was injured while painting a ship undergoing repairs, in the cradle of a marine railway and entirely on land above high water, the state Workmen's Compensation Act of Virginia (Acts 1918, c. 400) held applicable, and to exclude action under federal Longshoremen's and Harbor Workers' Compensation Act, March 4, 1927, § 3 (a), being 33 USCA § 903(a).

In Equity. Suit by Colonna's Shipyard, Inc., against Samuel S. Lowe, Deputy Commissioner. Decree for complainant.

Hughes, Little & Seawell, of Norfolk, Va., for plaintiff.

Kelsey & Jett, of Norfolk, Va., for claimant Brent.

GRONER, District Judge. This is a bill for an injunction against the federal compensation commissioner of district No. 5. The bill alleges that a certain award made by the commissioner in favor of one Thomas E. Brent, an employee of the plaintiff, under the Longshoremen's and Harbor Workers' Compensation Act, "is not in accordance with the law," and therefore asks, under section 21 of the act (Act March 4, 1927 [33 USCA § 921]), that an injunction be awarded restraining the carrying out and enforcement of the order.

The injury for which compensation was allowed was sustained while injured, a painter, was at work on a staging erected on the deck of the cradle of a marine railway around the stem of a vessel of 4,000 tons' burden then resting on the railway. The point at which the injury occurred was on dry land, well above the high-water mark of the Elizabeth river. The railway is con-

structed on a foundation on land and runs down into and under the water on a foundation of piling driven into the soil under the water. It extends out from the land into and under the water about 600 feet. When ready to be hauled, the vessel is floated into a device known as a cradle, attached to and operated on and over the railway, and by which the vessel is held on an even keel. When all of this is accomplished, the cradle and the vessel are drawn up by machinery located on land, out of the water, and onto that portion of the railway wholly on land, so that, when the operation is completed, the cradle and vessel are both on dry land.

Section 3 (a) of the act (33 USCA § 903 [a]) provides:

"Compensation shall be payable under this act in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by state law."

It is obvious that the federal act is applicable only if there may be no recovery for disability or death through a state compensation law, for it says so in precise terms, and the circumstances under which a state compensation law is valid in relation to maritime injuries have been so frequently and recently announced by the Supreme Court that reference to some of the cases is all that is necessary. In the Jensen Case (So. Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900), recovery under a state compensation law was denied in the case of a stevedore injured on a vessel lying in navigable waters. It was there held that the contract of employment was maritime and the tort maritime, and therefore admiralty alone had jurisdiction; but in Millers' Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470, the principle announced in the Jensen Case was modified, at least to the extent of holding that, even in cases in which both the contract and the tort are maritime, where "the matter is of mere local concern and * * * will work no material prejudice to any characteristic feature of the general maritime law," relief under a state compensation law may be secured. In Industrial Commission v. Nordenholt Corp., 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013, the facts were substantially the same as in the Jensen Case, except that the injury occurred on the dock rather than on

the vessel, and it was held there that a state compensation law was valid and that a court of admiralty had no jurisdiction. In Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008, the injury occurred on an uncompleted vessel lying in navigable waters, and there again the validity of the state compensation law was upheld, for there, though the tort was maritime, the contract was nonmaritime, the vessel itself never having engaged in commerce and navigation.

[1] Summarized, therefore, the law as announced by the Supreme Court may be said to be that, in all cases in which the contract is maritime and the tort maritime, unless the matter is "of mere local concern," the state may not provide relief for injury through state compensation laws, but where the contract is maritime and the injury nonmaritime, or where the contract is nonmaritime and the injury maritime, state compensation laws may validly provide relief, though apparently in the last-mentioned instance a suit in admiralty may be maintained, unless the parties contract for an exclusive remedy by compensation.

[2] Applying these tests to the case under consideration, it would seem to follow that, since the employment related to work to be done on a completed vessel, the contract was maritime in its nature; but, since the vessel and the railway on which she was drawn were then both on high land, and the injury was sustained under those conditions, the tort was nonmaritime, for it has always been the rule that in cases of tort, differing from cases of contract, the test of jurisdiction in the admiralty depends upon the place where the injury occurs and since, as has been remarked, the injury here was on dry land, it follows that the Virginia State Compensation Act (Acts 1918, c. 400) is valid, and the federal law inapplicable.

My attention has been called to two recent opinions of the compensation commission (1927 A.M.C. 1551 and 1552) in which it is held that a staging constructed on a marine railway around the outside of the vessel under repair on the railway is a part of a "dry dock," as the term is used in the act, and that, since it was held in The Anglo-Patagonian (C. C. A.) 235 F. 92, that a dry dock is a part of the navigable waters, an injury sustained on a marine railway would be within the provisions of the federal act. With great deference, I cannot apply this analogy in the circumstances as I have outlined them here. Here, as I have pointed out, the place of accident was on land wholly above the rise and

fall of the tide. To describe it otherwise would be to substitute fiction for fact. For a full discussion of the character of a marine railway as the same is usually constituted and operated, see The Professor Morse (D. C.) 23 F. 803.

The injunction will be made permanent.