RADCLIFF GRAVEL CO., Inc., et al. v. HENDERSON et al. (two cases).

Nos. 10735, 10736.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1943.

(Seal)

550

Wm. G. Caffey, of Mobile, Ala., for appellants.

Albert J. Tully, U. S. Atty., of Mobile, Ala., for appellee Joseph H. Henderson, as Deputy Commissioner.

Joseph C. Sullivan, of Mobile, Ala., for appellees Jennie Tate and others.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The two appeals are from judgments sustaining compensation awards entered in favor of dependent surviving parents of two employees who were drowned while working for their employer upon the navigable waters of the United States. The two cases arise out of the same facts and may be conveniently disposed of by one opinion.

The sole question on appeal is whether the cases are within the coverage of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., § 903(a) which provides: "Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or

death results from an injury occurring upon the navigable waters of the United States (including any drydock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

■ It is stipulated that the death of the employees, Will Rocker and Edward Jones, occurred upon the navigable waters of the United States. Appellants seek to escape liability, however, contending that the employment of Rocker and Jones was nonmaritime and local in character and that compensation could have been validly provided by State law. There is no merit in this contention.

The employer, Radcliff Gravel Company, was engaged in dredging gravel and sand from the bed of Three Rivers Lake, a part of the navigable waters of the United States. Rocker, Jones, and one other employee trimmed the sand and gravel as it was loaded onto barges to keep it from "forming a pyramid or being cone-shaped". Their contract of employment provided that the employer was to furnish transportation to and from the shore and dredge boat. On December 23, 1941, Jones and Rocker had completed their work shift and along with seven other employees were being transported by the employer in a small boat which was being propelled by an outboard motor. The boat was overloaded and when it was approximately four miles from the landing it capsized and Rocker and Jones were drowned.

The facts bring the cases clearly within the coverage of the Longshoremen's and Harbor Workers' Compensation Act. Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Henderson v. Jones, 5 Cir., 110 F.2d 952.

The judgment in each case is affirmed.

On Motion to Fix Attorney's Fees.

■ The attorney for the claimants, Joseph C. Sullivan, has filed a motion asking this court to fix additional fees for services rendered by him in connection with the appeals. Upon consideration of the motion, and in accordance with Section 28 of the Act, 33 U.S.C.A. § 928, the said attorney is awarded an additional fee of $50.00 in Case No. 10,735, and an additional fee of $100 in Case No. 10,736.