**DE BARDELEBEN COAL CORPORATION et al. v. HENDERSON, Deputy Com'r of Compensation Dist., et al.**

**No. 10923.**

Circuit Court of Appeals, Fifth Circuit.

May 10, 1944.

Richard B. Montgomery, Jr., of New Orleans, La., for appellants.

Herbert W. Christenberry, U. S. Atty., and N. E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for Joseph H. Henderson, Deputy Commissioner, etc., appellee.

Maurice R. Woulfe, of New Orleans, La., for Sarah Jackson Brown, appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought to set aside an award under the Federal Compensation Act,[1] the claim was that compensation was validly provided by the Statutes of Louisiana,[2] and the Federal Act was without application. The district judge, disagreeing with this view, dismissed the suit, and plaintiffs have appealed.

Here, relying heavily on New Amsterdam Casualty Co. v. McManigal, 2 Cir., 87 F.2d 332, appellants insist that, though the accident occurred on navigable waters,[3] this is one of those cases where the acci-

---

[1] "Coverage. (a) Compensation shall be payable under this act (Chapter) in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) *and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law.*" (Emphasis supplied.) 33 U.S.C.A. § 903.

[2] "4391. Application of act—Definitions.—This act shall apply only to the following: * * *

"2. Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses, and occupations:

"Hazards

"(a) The operation, construction, repair, removal, maintenance and demolition of railways and railroads, vessels, boats, and other watercrafts, terminal docks * * *." Darts Louisiana General Statutes; Act No. 20 of 1914, § 1.

[3] Andrew Brown, deceased, was employed by the DeBardeleben Coal Company at Algiers, Louisiana, as a member of a "shore gang"; the employer owned a fleet of barges which were used for the business of transportation and commerce by water; as a member of the shore gang it was the deceased's work to keep up the floating equipment, to knock the rust off, to help paint and repair the barges while they were afloat, and to go upon the barges to make the repairs. On January 20, 1943, deceased was instructed by his supe-

dent "had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential", and, therefore, "recovery * * * through Workmen's Compensation proceedings" not only may be, but has been, "validly provided by state law". Appellees, with equal vigor and more citations, deny this, insisting that either under Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, or under "the first come first served" rule of Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, federal jurisdiction was properly maintained.

We agree with appellees. Before the Parker case was decided, but after the Supreme Court in Employers' Liability Insurance Co. v. Cook, 281 U.S. 233, 50 S.Ct. 308, 74 L.Ed. 823, had reversed our holding in 31 F.2d 497, 498, that to apply the Texas Workmen's Compensation law, Vernon's Ann.Civ.St. art. 8306 et seq., to an injury suffered while unloading a ship by an employee, whose duties were normally on land, would not "materially affect any rules of the sea whose uniformity is essential", this court, in Continental Casualty Co. v. Lawson, 5 Cir., 64 F.2d 802, 804, announced the view that the federal compensation laws should be liberally construed to cover every case where the injury occurred on navigable waters and where within the rule of the Jensen[4] and Cook cases, the action would have been in admiralty. In that case we said:

"The question whether jurisdiction over a maritime tort could be asserted under the compensation laws of the states, or existed exclusively in admiralty, was an important one when the decisions were rendered in the Rohde [Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008], the Braud [Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470], and other similar cases referred to in Colonna's Shipyard Co. v. Lowe, supra [D.C., 22 F.2d 843]; but since the passage of this act (the Federal Workmen's Compensation Act) the importance of that question has largely disappeared. * * *

The elaborate provisions of the Act, viewed in the light of prior Congressional legislation as interpreted by the Supreme Court, leaves no room for doubt, as it appears to us, that Congress intended to exercise to the fullest extent all the power and jurisdiction it had over the subject-matter. The liability of an employer who makes provision to secure compensation to his employees is exclusive of all other liability that might be asserted by them against him. State compensation laws and this compensation law of Congress are mutually exclusive of each other."

The Parker case, supra, substantially adopts this view, and such aberrations from it as the quasi legislative decision in the Davis case appears to present is only in appearance. Another of those hard cases which make bad law, state jurisdiction was upheld there for announced reasons having more legislative than judicial force, and not because of any purpose to adopt a rule contrary to that which this court had announced in the Lawson case and the Parker case had followed. As the Parker case pointed out, it is not at all necessary now to redetermine the correctness vel non of the Jensen case or of any of the brood, hatched from it, which, teetering and wavering on the line the Jensen case had drawn between state and federal jurisdiction, drew it now on this, and now on the other, side as hard cases piled up to make bad law worse. It is sufficient to say that Congress intended the compensation act to have a coverage coextensive with the limits of its authority and that the provision "if recovery * * * may not validly be provided by State law" was placed in the act not as a relinquishment of any part of the field which Congress could validly occupy but only to save the act from judicial condemnation, by making it clear that it did not intend to legislate beyond its constitutional powers. Having in mind the confused and confusing mass of quasi legislative decisions which, as such decisions always tend to do, had rendered the law almost hopelessly uncertain, this provision was inserted to avoid, not to provide, a new basis

---

rior to shout a message to a captain of one of the tugs which was offshore on the Mississippi River, relative to the movement of one of the barges; in order to get as close as possible to the tug on which the captain was, deceased crossed upon a barge which was moored near the bank of the river and from there attempted to shout the message; while there he fell into the water and was drowned.

[4] Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R. A.1918C, 451 Ann.Cas.1917E, 900.

for further judicial trimming. In the application of the act, therefore, the broadest ground it permits of should be taken. No ground should be yielded to state jurisdiction in cases falling within the principle of the Jensen case merely because the Supreme Court, before the Federal Compensation Law went into effect, did here a little, there a little, chip and whittle Jensen down in the mass of conflicting and contradictory decisions in which it advanced and applied the "local concern" doctrine to save to employees injured on navigable waters, and otherwise remediless, the remedies state compensation laws afforded them. In short, the Federal Compensation Law now in effect, the judicial tergiversations which went on before its passage no longer have point. This is what we held in the Lawson case, what the Supreme Court held in the Parker case, supra. We adhere to that holding. The judgment was right. It is affirmed.