MASSACHUSETTS BONDING & INSUR-
ANCE CO. et al. v. LAWSON et al.

No. 11218.

Circuit Court of Appeals, Fifth Circuit.

June 19, 1945.

Harry T. Gray, of Jacksonville, Fla., for appellants.

Francis M. Shea, Asst. Atty. Gen., Joseph B. Goldman and David Lloyd Kreeger, Attys., Department of Justice, both of Washington, D. C., H. S. Phillips, U. S. Atty., of Tampa, Fla., and Edith House, Asst. U. S. Atty., of Jacksonville, Fla., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Gibbs Gas Engine Company of Florida, and its insurance carrier, Massachusetts Bonding & Insurance Company, sought to enjoin by libel proceedings the enforcement of an award made by the Deputy Commissioner of the Sixth Compensation District of the United States Employees' Compensation Commission under the Longshoremen's and Harbor Workers' Compensation Act. The libel was dismissed.

The Longshoremen's and Harbor Workers' Compensation Act § 3(a), 33 U.S.C.A. § 903 (a), provides: "Compensation shall be payable under this Act in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law * * *."

The Gibbs Company was engaged in the construction, conversion and repair of ships of various sizes and uses for the United States Navy, the United States Coast Guard, and others at Jacksonville, Florida. The injury to the claimant, Jay Lee Dixon, occurred upon the St. Johns River, at Jacksonville, which is a part of the navigable waters of the United States. The claimant was injured while assisting in the removal of piling from an abandoned ferry slip. The ferry slip consisted of two rows of piling extending about 200 feet into the river. The piling was a definite menace to navigation on the south side of the river and to and from docks of the Gibbs Company which were used in and about the work of converting, repairing and outfitting yachts and naval vessels. At the time of the injury Dixon was standing on a lighter which was afloat off shore. A floating derrick was attempting to place one of these piles on the lighter. The piling

struck Dixon and he was seriously injured.

Dixon did not file a claim under the State law, but was paid by the insurance carrier of the Gibbs Company compensation in the amount of $355.20, for which he signed and gave a final settlement receipt. Later he filed a claim with the Deputy Commissioner under the Longshoremen's Act and an award of $1,352.78 was made, the insurance carrier being credited with the amount paid to the claimant under the State compensation law.

The libellants contend that Dixon's employment was nonmaritime in character and of only local concern; that the hearing before the District Court should have been de novo; and that by accepting compensation under the State law and signing the settlement receipt he is barred from pursuing his rights under the Federal law.

■ There is no merit in the contention that the acceptance of compensation under the State law estops the claimant from proceeding under the Longshoremen's Act. No award was made by the Commissioner under the Florida Act, nor did the signing of the settlement receipt which came to him amount to anything more than notice that a certain sum had been paid to claimant by the insurance carrier. The forms signed by claimant were not treated as binding on either party by the Florida Industrial Commission. Moreover, it has been held that the acceptance of voluntary payments by the claimant under State law does not estop him from proceeding under Federal law if such law is applicable. Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670; Great Lakes Dredge & Dock Co. v. Brown, D. C., 47 F.2d 265.

■ The record reveals that there is ample evidence to support the Deputy Commissioner's conclusion that the claimant was within the coverage of the Act. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Parker v. Motor Boat Sales Co., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Radcliff Gravel Co. v. Henderson, 5 Cir., 138 F.2d 549; DeBardeleben Coal Corporation v. Henderson, 5 Cir., 142 F.2d 481; Davis v. Department of Labor, 317 U.S. 249, 63 S. Ct. 225, 87 L.Ed. 246.

■ The doctrine announced in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, concerning the right to a trial de novo of certain jurisdictional facts, has no application in the present case. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Parker v. Motor Boat Sales Co., Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L. Ed. 184; Schantz v. American Dredging Co., 3 Cir., 138 F.2d 534.

We find no reversible error in the record and the judgment dismissing the libel is affirmed.