NEWPORT NEWS SHIPBUILDING & DRY DOCK CO. v. O'HEARNE, DEPUTY COMMISSIONER et al.

No. 6321.

United States Court of Appeals Fourth Circuit.

Argued Oct. 11, 1951.

Decided Dec. 13, 1951.

Harry H. Holt, Jr., Hampton, Va. (William McL. Ferguson, Newport News, Va., and J. Warren Stephens, Newport News, Va., on brief), for appellant.

Herbert P. Miller, Atty., U. S. Department of Labor, Washington, D. C. (George R. Humrickhouse, U. S. Atty., Richmond, Va., William B. Eley, Asst. U. S. Atty., Norfolk, Va., William S. Tyson, Solicitor, and Ward E. Boote, Assistant Solicitor, U. S. Department of Labor, Washington, D. C., on brief), for appellee O'Hearne.

Before PARKER, Chief Judge, and SOPER, Circuit Judge, and WYCHE, District Judge.

SOPER, Circuit Judge.

This appeal is taken from a judgment of the District Court refusing to enjoin the enforcement of a compensation award made by the Deputy Commissioner to Mary W. Pittman, widow of Fred A. Pittman, deceased, under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The court held that the award was not invalidated by a prior

award of compensation to the family of the deceased by the Industrial Commission of Virginia under the Virginia Workmen's Compensation Act, Code 1950, § 65–1 et seq., but that the award of the Deputy Commissioner should be subject to a credit for such amounts as may have been received from the employer, who was a self insurer, under the award of the State Commission.

On March 1, 1948, the decedent, Fred A. Pittman, was fatally injured while performing services as a welder in repairing the gate of graven dry dock No. 3 for his employer, the Newport News Shipbuilding and Dry Dock Company at Newport News, Virginia. The gate had been disengaged from its moorings and had been floated into the employer's graven dry dock No. 1, where it came to rest in a cradle on the floor of the dry dock after the water had been pumped out. An explosion took place while Pittman was burning a plate inside the top level of the deck of the gate and he was blown through a hatch opening and thrown to the floor of the dry dock and instantly killed.

On April 7, 1948 the Commissioner wrote Mary W. Pittman, advising her of her right to file a claim for death benefits under the Federal Act. On July 27, 1948, she signed an agreement accepting compensation under the State Act and she and her children were awarded compensation benefits under that statute which were in process of payment on February 11, 1949, when she filed a claim under the Federal Act and received the award which is challenged in this case.

■ The employer contends that the Deputy Commissioner was without authority under the Longshoremen's Act to make the award, because the work upon which Pittman was engaged was not maritime in its nature, and hence the place where it was being performed was not subject to admiralty jurisdiction. It is noted that in Section 2 of the Longshoremen's Act an employer is defined as one "whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock)", and that Section 3 provides that compensation shall be payable "in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law"; but it is said that the parenthetical phrases were used in these sections only out of abundance of caution to recognize the established rule that admiralty does not lose control of a vessel when it is placed in a dry dock for repairs. It is contended that a dry dock may not be considered as part of navigable waters of the United States, unless it be used for the repair of a vessel.

We are told that in no case other than our decision in Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949, has it been held that compensation may be granted under the Longshoremen's Act for an accident in a dry dock that did not involve a vessel. In that case we reviewed the decisions in border line cases of a maritime nature and endeavored to show the tendency of the courts, acting in the interest of humanity prior to the passage of the Longshoremen's Act, to enlarge the jurisdiction of state compensation commissions by developing the "local concern" doctrine so as to enable state commissions to make awards to injured men, and the opposite tendency, since the passage of the federal statute, to adhere more strictly to the traditional principle that admiralty jurisdiction depends upon the location of the activities involved upon navigable waters; and we held that a workman who was killed in the construction of a drydock on a navigable river was engaged in maritime employment at a place within the admiralty jurisdiction so as to render his death compensable under the Longshoremen's Act, although the dry dock was not finished and prior to the accident water had been pumped out of the river at the site of the dock.

■ We adhere to this decision. It has long been held that a ship does not cease to be a subject of admiralty jurisdiction because it is temporarily out of the water in a dry dock; The S/S Jefferson, 215 U.S. 130, 131, 30 S.Ct. 54, 54 L.Ed. 125; and that a maritime activity, such as the repair of a

ship in a dry dock, does not lose its distinctive quality and become an activity on land when the water is pumped out of the dock so that the work may be done. The Robert W. Parsons, 191 U.S. 17, 33, 24 S.Ct. 8, 48 L.Ed. 73.* We think that the Longshoremen's Act should be viewed against the background of these decisions, and that the references therein to "maritime employment" and the injury "upon the navigable waters of the United States (including any dry dock)", should be broadly construed to cover any activity of a maritime nature in a dry dock in the same manner as if it occurred on navigable waters. See Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Travelers Ins. Co. v. Branham, 4 Cir., 136 F.2d 873; De Bardeleben Coal Corp. v. Henderson, 5 Cir., 142 F.2d 481. Cf. Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.

 It is not material to the question of jurisdiction that Pittman was engaged in the repair of a drydock and not in the repair of a ship. Admiralty jurisdiction depends upon the occurrence of an event on navigable waters, not upon the occurrence upon a ship. The Plymouth, 3 Wall. 20, 36, 18 L.Ed. 125. The crucial facts are that he was at work upon a structure designed for maritime uses and that he was doing the work in a place within the admiralty jurisdiction. The obvious purpose of the federal statute to provide compensation for workers injured in maritime work, and for that reason outside the protection of state compensation laws, should not be frustrated by needless refinements. See The Raithmoor, 241 U.S. 166, 176, 36 S.Ct. 514, 60 L.Ed. 937. The power of Congress in this field cannot be questioned. Crowell v. Benson, 285 U.S. 22, 39, 52 S.Ct. 285, 76 L.Ed. 598.

This interpretation takes care of the additional contention that the Deputy Commissioner had no jurisdiction in this case because the coverage of the Act is limited by the express terms of Section 3 to the award of compensation for injury or death on navigable waters "if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." It is true that the Virginia Commission accepted jurisdiction in this instance and awarded compensation, and that the courts have been inclined in doubtful cases to uphold awards by state as well as by federal administrative authority; Davis v. Department of Labor and Industries, 317 U.S. 249, 250, 63 S.Ct. 225, 87 L.Ed. 246; but in the Pittman case awards have been made by both authorities and it is incumbent upon this court to decide between them. We hold that the case falls within the purview of the federal statute and outside the permissible scope of the state enactment.

There is of course no merit in the point that the widow, having first made application to the state body, is bound by her election even though, as it now appears, the state commission had no jurisdiction in the premises. Justice is done by the requirement of the District Court that the sums heretofore paid for compensation under the award of the state commission shall be credited upon the award of the Deputy Commissioner.

Affirmed.

---

* Cope v. Vallette Dry-Dock Co., 119 U.S. 625, 7 S.Ct. 336, 30 L.Ed. 501, is not inconsistent with these decisions in holding that a dry dock may not be classed as a ship for purposes of salvage.