**AVONDALE MARINE WAYS, Inc. v. HENDERSON et al. (two cases).**

**Nos. 14055 and 14056.**

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

---

3. Webb v. Powell, 87 F.2d 983.

John W. Sims and Ashton Phelps, New Orleans, La., Frank A. Bull, New York City, Mendes & Mount, New York City, Phelps, Dunbar, Marks & Claverie, New Orleans, La., for appellant.

Herbert P. Miller, Dept. of Labor, Washington, D. C., G. Harrison Scott, Asst. U. S. Atty., New Orleans, La., John N. McKay, U. S. Atty., New Orleans, La., (William S. Tyson, Solicitor of Labor, Ward E. Boote, Assistant Solicitor and James E. Hughes, U. S. Dept. of Labor, Washington, D. C., of counsel), for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Filed under the provisions of the Longshoremen's Act of March 4, 1927,[1] these suits were brought to enjoin and set aside as not in accordance with law, compensation orders issued by the deputy commissioner in favor of the dependents of two of appellant's employees who had been killed in an explosion[2] on a barge upon which they were working.

The claim of appellant was that the place where, and the circumstances under which, the injuries occurred are such that the Louisiana State Compensation Act, LSA–R.S. 23:1021 et seq., furnished the exclusive remedy; that the Longshoremen's and Harbor Workers' Compensation Act was therefore inapplicable; and that the deputy commissioner was without jurisdiction or authority to make an award. In short, its position was that the language, "navigable waters of the United States, including any dry dock", as those words are used in Section 3(a) of the Act, 33 U.S.C.A. § 903(a) does not extend to and include the marine railway.

The commissioner, as vigorously contending that a marine railway is a dry dock within the meaning of the Act, filed a motion for summary judgment.

The district judge, on the authority of two cases decided by this court, Continental Casualty Co. v. Lawson, 5 Cir., 64 F.2d 802, and Maryland Casualty Co. v. Lawson, 5 Cir., 101 F.2d 732, granted the motion and entered judgments dismissing the suits with costs.

Here seeking their reversal, appellant concedes that the decisions of this court, on which the district judge, relies, do support the judgments. It insists, however, that these cases were wrongly decided; that they have been in effect overruled by later decisions of the Supreme Court; and that this court should now disavow them.

We cannot agree with these views. Quite to the contrary, we are of the clear opinion that the cases were when decided well decided; that no case since decided furnishes any sound basis for a different view; and that many cases which have been decided since[3] have given the questioned decisions full support and approval.

The judgments appealed from were rightly entered. They are affirmed.

RIVES, Circuit Judge, dissenting.

This accident occurred over dry land some four hundred feet from the water's edge. That part of the marine railway on which the ship rested differed from a dry dock in the respect upon which the Longshoremen's Act turns in that it was not in or over navigable waters. The Jones Act is amphibious. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 42, 63 S.Ct. 488, 87 L.Ed. 596. The Longshoremen's Act, on the other hand, is restricted to compensation for injuries occurring on navigable waters. Swanson v.

---

1. 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

2. By stipulation or by uncontroverted testimony, it was established that, at the time of the explosion the barge had been hauled out of the Mississippi River on the cradle of a marine railway, and that both cradle and barge at the time of the explosion and for some time previously thereto had been at rest ashore at a point some 400 feet from the water.

3. DeBardeleben Coal Corp. v. Henderson, 5 Cir., 142 F.2d 481; Newport News Shipbuilding & Dry Dock Co. v. O'Hearne, 4 Cir., 192 F.2d 968; Massachusetts Bonding & Insurance Co. v. Lawson, 5 Cir., 149 F.2d 853; Western Boat Bldg. Co. v. O'Leary, 9 Cir., 198 F.2d 409.

Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045. We have here the reverse of the situation presented in Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, and Pennsylvania R. Co. v. O'Rourke, U.S., 73 S.Ct. 302, 305, in which it was held that the extension of a railroad on to a boat in navigable waters did not carry with it the Federal Employer's Liability Act. Here it seems to me that the extension of the marine railway to a point some 400 feet ashore did not carry with it the Longshoremen's Act. The case of Pennsylvania R. Co. v. O'Rourke, supra, makes plain that the Act "is directed at the employer when it speaks of maritime employment, not at the work the employee is doing." As in the case of a longshoreman injured on a dock while engaged in unloading a vessel, State Industrial Commission of State of N. Y. v. Nordenholt Corporation, 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, the simple distinction that must be maintained, I think, is between injuries on land and those suffered upon navigable waters.

Further, "Congress made clear its purpose to permit state compensation protection whenever possible". Davis v. Department of Labor and Industries, 317 U.S. 249, 252, 253, 63 S.Ct. 225, 227, 87 L.Ed. 246; see Parker v. Motor Boat Sales, 314 U.S. 244, 249, 250, 62 S.Ct. 221, 86 L.Ed. 184. Ashore is the natural habitat of the State compensation acts, and it seems to me that the Longshoremen's Act cannot survive on land. I, therefore, respectfully dissent.