Nathaniel **CHRISTOFF,**
Plaintiff-Appellant,
Cross-Appellee,

v.

**BERGERON INDUSTRIES, INC.,**
Defendant-Appellee,
Cross-Appellant.

No. 83–3437.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1984.

---

Dalton, Gillen & Roniger, Gregory W. Roniger, Jefferson, La., for plaintiff-appellant, cross-appellee.

Bailey & Leininger, B. Ralph Bailey, Samuel J. Muldavin, Metairie, La., for defendant-appellee, cross-appellant.

Before GEE, POLITZ, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

After a bench trial, Nathaniel Christoff was awarded $18,761.79 in damages against his employer, Bergeron Industries, Inc., for injuries Christoff suffered when he fell through a hole on the deck of an uncompleted barge that Bergeron owned and was building. Christoff challenges the trial court's conclusion that he was 50% negligent and its computation of damages. Bergeron cross-appeals, arguing that it acted as a shipbuilder, rendering it immune from suit under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Because this action is not within the admiralty jurisdiction of the federal courts, we can reach neither of these claims. We reverse.

I

Bergeron builds ships in Braithwaite, Louisiana. In February of 1980, it contracted to build and sell on completion a grain elevator hull barge. This barge, while under construction, rested on a marine railway on and over the Mississippi River, that was not in the water.

1. Bergeron filed a pretrial motion to dismiss for lack of subject matter jurisdiction, which the

Bergeron hired Christoff as a welder on July 30, 1980. On the evening of August 7, Christoff was welding in the bow of the barge. For undetermined reasons, he left his post and went to the stern. On his way back, Christoff fell into an unguarded hole in the deck, fracturing his right kneecap.

After a bench trial, the district court held that Bergeron and Christoff were each 50% negligent, and awarded Christoff a total of $18,761.79. Both parties appealed.

II

Although neither Bergeron nor Christoff has briefed or argued the issue on appeal,[1] it is our duty to raise *sua sponte* the question of federal subject matter jurisdiction over this action. *Spiess v. C. Itoh & Co. (America), Inc.*, 725 F.2d 970 (5th Cir.1984); *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

Christoff's claim is based on section 5(b) of the LHWCA, 33 U.S.C. § 905(b), added to the Act in 1972. Section 905(b) provides:

In the event of an injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel....

In *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113 (5th Cir.1976), we held that § 905(b) neither extended the boundaries of traditional admiralty jurisdiction nor converted ordinary tort claims against vessels into federal questions independent of admiralty. The *Parker* court found no jurisdiction over a § 905(b) action for an accident that, although allegedly caused by a vessel's negligence, occurred on land. *See also Russell v. Atlantic & Gulf Stevedores*, 625 F.2d 71 (5th Cir.1980).

Christoff was injured while doing shipbuilding work on an incomplete vessel located on a marine railway over the Mississippi River. *Parker* requires us to deter-

district court denied.

mine whether this was a sufficiently "maritime" context to give rise to federal admiralty jurisdiction.

Before 1972, the test for admiralty jurisdiction over torts was purely geographic: if the tort occurred on navigable waters, admiralty jurisdiction was present. *Hall v. Hvide Hull No. 3*, 746 F.2d 294, 303 (5th Cir.1984); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1185–86 (5th Cir.1984); *Rogers v. M/V Bollinger*, 279 F.Supp. 92, 96 (E.D.La.1968) (Rubin, J.). Then, the Supreme Court, in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972), added the requirement "that the wrong bear a significant relationship to traditional maritime activity."

*Hall v. Hvide Hull No. 3* held that shipbuilding employees injured while building a vessel on navigable waters are engaged in maritime activity. Although shipbuilding was not traditionally considered maritime, *Thames Towboat Co. v. The Schooner Francis McDonald*, 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245 (1920), actions by shipbuilders injured while working on navigable waters had traditionally been viewed as maritime torts, cognizable in admiralty, because of the old test's inquiry into locality only. *Grant Smith-Porter Ship Co. v. Rohde*, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321 (1922). We found in *Hall* that § 905(b) was intended to preserve existing negligence remedies in admiralty, and that for shipbuilders on the water,

> maritime connexity (*Executive Jet*'s requirement that the injury be in a "traditional maritime activity") was, in effect, Congressionally so determined through Congressional acceptance ... of pre-1972 traditional judicial determinations of the maritime character of the activity involved in injuries to these amphibious workers.

746 F.2d 294 at 303.

 The remaining question is whether Christoff was injured "on navigable wa-

ters." When Christoff fell into the hole on the barge deck, the barge was not afloat on the Mississippi River, but was resting on a marine railway above the river. Such railways, for purposes of admiralty jurisdiction, are considered to be extensions of the land, not of the sea.[2] *Rodrigue v. Aetna Casualty Co.*, 395 U.S. 352, 360 & n. 6, 89 S.Ct. 1835, 1839 & n. 6, 23 L.Ed.2d 360 (1969); *Hastings v. Mann*, 340 F.2d 910 (4th Cir.), *cert. denied*, 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153 (1965); *Peytavin v. Government Employees Insurance Co.*, 453 F.2d 1121, 1123 (5th Cir.1972). In *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971), we held that there was no admiralty jurisdiction over a repairman's negligence action for injuries he suffered when he fell into an open cargo hold on a barge that had been hauled out of the water and onto a marine railway. The remarkably similar circumstances of Christoff's injury dictate a similar result here.

"[C]haracteristic of the locality requirement is the extreme stringency with which the courts have applied it." *Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 782 (11th Cir.1984). Although we had jurisdiction in *Hall v. Hvide Hull No. 3* over § 905(b) actions brought by shipbuilders working on incomplete vessels in the water, we have no jurisdiction to hear Christoff's lawsuit stemming from his work on an incomplete vessel not in the water. We must therefore reverse the district court's judgment for Christoff, and remand with instructions to dismiss this action for want of jurisdiction.

REVERSED AND REMANDED.

---

**2.** In contrast, marine railways are "navigable waters" for purposes of workmen's compensation coverage under the LHWCA. *Avondale Marine Ways, Inc. v. Henderson*, 201 F.2d 437 (5th Cir.1953); *Maryland Casualty Co. v. Lawson*, 101 F.2d 732 (5th Cir.1939). Thus, Christoff is eligible for LHWCA compensation benefits.