WARD, Judge.
This appeal arises from a negligence claim against the owner of a vessel based on Section 905(b) of the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. Sec. 901 et seq. On August 7, 1980, Nathaniel Christoff, a welder, was injured when he fell through a hole in the deck of a barge, while he was employed by Bergeron Industries, Inc., the owner of the barge.[1]
Christoff filed suit against Bergeron on August 20, 1981, one year and fourteen days after the accident, in the United States District Court, Eastern District of Louisiana, seeking relief under Section 905(b) of the LHWCA.
On August 8, 1983, more than two years after filing suit in federal court, and more than three years after the accident, Chris-toff filed a second suit against Bergeron in the Twenty-Fifth Judicial District Court, Parish of Plaquemines. Christoff again sought relief under LHWCA 905(b), asserting claims identical to those asserted in his federal suit which was still pending in the Eastern District. In neither the federal nor the state suit does Christoff seek worker’s compensation benefits under the LHWCA. Rather his claim is one for negligence of a vessel.
After a bench trial in the federal suit, the court found that Christoff and Bergeron were each fifty percent negligent and awarded Christoff $18,761.79. Both Chris-toff and Bergeron appealed that judgment. In that case, reported as Christoff v. Bergeron Industries, Inc., 748 F.2d 297 (5th Cir.1984), the United States Fifth Circuit Court of Appeals reversed the district court judgment and held that federal subject matter jurisdiction for the suit was lacking since Christoff’s claim was not within admiralty jurisdiction. The Fifth Circuit found that Christoff’s claim did not arise on navigable waters because the barge on which he was working when he was injured was resting on a marine railway which for purposes of admiralty jurisdiction is considered an extension of the land, not a part of the sea. Id. at 299. Because the claim did not fall within the admiralty jurisdiction of the United States, the Fifth Circuit ordered a dismissal, and in compliance with instructions from the Fifth Circuit, the district court dismissed Chris- *641 toff’s suit on January 4, 1985, for lack of jurisdiction.
When Christoff attempted to pursue his claim in state court, Bergeron filed an exception of prescription. In support of that exception, Bergeron contends that since the case was not in admiralty, admiralty principles were inapplicable and, specifically, the doctrine of laches was not determinative of whether the state court suit was timely filed. Bergeron argues that since Chris-toff’s claim was one in tort, it was controlled by Article 3492 of the Louisiana Civil Code, which provides a one-year prescriptive period for negligence actions and since Christoff filed his original suit more than one year after the date of the accident, Christoff’s suit in state court had prescribed. From' a judgment granting that exception, Christoff brings this appeal.
Christoff argues that this is not merely a state tort claim, but a claim under LHWCA Section 905(b), and that federal law as to timeliness must be applied. Hence, analogizing to laches in admiralty, he argues his suit was timely filed. Specifically, Chris-toff submits that the state district court judge erroneously concluded that the situs of an accident must be on navigable waters in order to bring a negligence claim under LHWCA 905(b) in state court. Thus, a 905(b) action exists in state court, Christoff contends, when a plaintiff satisfies both the status and situs tests of the LHWCA even if his injury occurred on land outside of admiralty jurisdiction because state courts are not limited to admiralty jurisdiction, and accordingly his suit is not barred by prescription.
We affirm, but on other grounds. For the following reasons we hold Chris-toff’s injury was not covered by the Act. In order to recover under Section 905(b) one must first prove that the cause of action is within the scope of the Act. Holcomb v. Robert W. Kirk & Associates, Inc., 655 F.2d 589 (5th Cir.1981), cert. denied 459 U.S. 1170, 103 S.Ct. 814, 74 L.Ed.2d 1013 (1983). Under the Act the injured person must satisfy two basic tests — a status test focusing of whether the person is “engaged in maritime employment” and a situs test focusing on whether the person sustained injuries on “navigable waters of the United States (including any adjoining ... marine railway ... customarily used by an employer in ... building a vessel).” 33 U.S.C. Sections 902(3) and 903(a). Even though the LHWCA extends coverage to shoreside injuries occurring on a vessel, and even when the vessel is on a marine railway, the limits of recovery under the LHWCA have been held to be co-extensive with the outer limits of federal maritime and admiralty jurisdiction. Drake v. Raymark Industries, Inc., 772 F.2d 1007 (1st Cir.1985); Parker v. South Louisiana Contractors, Inc., 537 F.2d 113 (5th Cir. 1976), cert. denied 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977). Although state courts have concurrent jurisdiction with federal courts to hear 905(b) actions, Jackson v. Dykes Brothers Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967), the state courts may not enlarge the substantive federal rights. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); Koninklyke Nederlandsche, etc. v. Strachan Shipping Co., 301 F.2d 741 (5th Cir.), cert. denied 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230 (1962).
Thus, by holding that Christoff’s claim was not within admiralty jurisdiction, the United States Fifth Circuit also incidentally determined that Christoff’s claim would not entitle him to relief under 905(b) in the state courts because the limits of recovery under 905(b) are co-extensive with the outer limits of admiralty jurisdiction in either federal or state courts. Consequently, Christoff’s claim for relief under 905(b) can fare no better in state court because we are bound by federal interpretation of that statute — the claim must be one within admiralty jurisdiction.
Christoff, of course, contends his injury is covered by the Act, and he relies on Trussell v. Litton Systems, Inc., 753 F.2d 366 (5th Cir.1984) and Jenkins v. McDermott, Inc., 734 F.2d 229 (5th Cir.1984) for the proposition that the requirement of *642 navigable waters is necessary only to establish federal subject matter jurisdiction. Christoffs reliance on Trussell and Jenkins is misplaced. Admittedly, these cases lend some credence to Christoff’s arguments. But in both cases federal jurisdiction was based on diversity of citizenship of the parties. Since the parties were diverse, no other basis for federal jurisdiction was at issue, and neither case held that Section 905(b) included negligence actions other than those torts within the admiralty jurisdiction of federal courts. Rather than relying on Trussell and Jenkins, we find the thorough and well-reasoned analysis set out in Drake, 772 F.2d at 1012-19, is not only more persuasive but also more consistent with traditional principles of admiralty.
A plaintiffs failure to disclose a cause of action may be noticed by a reviewing court on its own motion. Bradbury v. Paul, 365 So.2d 845 (La.App. 4th Cir.1978). Since Christoff has failed to state a cause of action under Section 905(b) we need not reach the issue of prescription raised by this appeal.
AFFIRMED.

. Congress amended Section 905(b) in 1984, effective as of September 28, 1984, to read, in pertinent part:
If such person was employed to provide shipbuilding, repairing, or breaking services and such person’s employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel’s owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer....
Prior to the effective date of the 1984 amendment, an employee could bring an action against a vessel on which he was injured for its negligence as a third party under Section 905(b) even though the owner of that vessel was also the employer of the employee. Smith v. M/V Captain Fred, 546 F.2d 119 (5th Cir.1977).