**JOHNSTON v. MARSHALL, Deputy Compensation Com'r, et al.**

**No. 10107.**

Circuit Court of Appeals, Ninth Circuit.

May 14, 1942.

14

Wm. P. Lord, T. W. Gillard, and B. Anderson, all of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., of Portland, Or., for appellee Marshall.

Wilbur, Beckett, Howell & Oppenheimer and Robert T. Mautz, all of Portland, Or., and John H. Black, of San Francisco, Cal., for appellee Fireman's Fund Ins. Co.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The court below sustained a motion to dismiss proceedings brought by appellant to set aside an order denying appellant's claim made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and appellant then brought this appeal.

Appellant was employed by a master stevedore to operate a winch on a steamship. On February 9, 1940, he was returning to the ship from lunch and while walking across the dock stumbled and was injured. He filed a claim with the. Deputy Commissioner who rejected it on the ground that the injury did not occur on the navigable waters of the United States. The court below sustained the Deputy Commissioner.

The word "injury" is defined in 33 U.S.C.A. § 902 as meaning "accidental injury or death arising out of and in the course of employment". 33 U.S.C.A. § 903(a) provides in part:

"Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. * * *"

Appellant first contends that the injury was compensable under the act as one "arising out of and in the course of employment". Assuming, without deciding, that the injury arose out of appellant's employment, he would be entitled to compensation if, and only if, the injury occurred "upon the navigable waters of the United States", as specified in the statute above quoted. Crowell v. Benson, 285 U. S. 22, 54, 55, 52 S.Ct. 285, 76 L.Ed. 598.

Appellant further contends that the act extends to injuries occurring upon the dock, if such injuries are connected with the employment. None of the authorities relied on by appellant support the contention. In fact, none of them even involves the act in question.

In State Industrial Comm. v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013, a longshoreman was injured while working on a dock, and it was held that the liability

of the employer could not be determined under the maritime law. Claims under the act in question "are governed by the maritime law as established by the Congress and are within the admiralty jurisdiction". Crowell v. Benson, 285 U.S. 22, 45, 52 S.Ct. 285, 290, 76 L.Ed. 598. On the other hand "if the cause of action arose upon the land, the state law is applicable". Smith & Son v. Taylor, 276 U.S. 179, 181, 48 S.Ct. 228, 229, 72 L.Ed. 520. We are unable to distinguish this case from the one last cited. There, a longshoreman on a stage on the dock, was struck by a sling and knocked into the water. It was held that state law was applicable because the dock was an extension of the land, and since the injury occurred on the land there was no admiralty jurisdiction. The Plymouth, 70 U.S. 20, 3 Wall. 20, 18 L.Ed. 125. Under these decisions, the decree must be and is

Affirmed.