AVONDALE MARINE WAYS, INC. *v.* HENDER-
SON, DEPUTY COMMISSIONER, ET AL.

No. 44. Argued October 20, 1953.—Decided November 9, 1953.

*Frank A. Bull* argued the cause for petitioner. With
him on the brief were *Ashton Phelps, John W. Sims* and
*Daniel Huttenbrauck.*

*Melvin Richter* argued the cause for the Deputy Com-
missioner, respondent. With him on the brief were *Act-
ing Solicitor General Stern, Assistant Attorney General
Burger* and *Paul A. Sweeney.*

PER CURIAM.

The judgment is affirmed. *Davis* v. *Department of
Labor,* 317 U. S. 249; *Kaiser Co.* v. *Baskin,* 340 U. S. 886;
*Baskin* v. *Industrial Accident Commission,* 338 U. S. 854;
*Bethlehem Steel Co.* v. *Moores,* 335 U. S. 874.

MR. JUSTICE REED took no part in the consideration
or decision of this case.

MR. JUSTICE DOUGLAS, concurring.

I do not think this case belongs in the "twilight zone"
of *Davis* v. *Department of Labor,* 317 U. S. 249, 256.
Recovery was allowed under the Longshoremen's and
Harbor Workers' Compensation Act for a death which
occurred on a barge drawn up for repairs on a marine rail-
way. *Norton* v. *Vesta Coal Co.,* 63 F. 2d 165, was such

a case and Judge Woolley dissented from a holding that a marine railway was not included in the statutory language, "any dry dock."

As Judge Woolley explained, there are three kinds of dry docks. (1) A floating dry dock, as its name makes clear, floats on the water, the vessel resting on the bottom of the dry dock after the water has been removed. (2) A graven dry dock is dug into the land. The vessel floats in but rests on land once the water has been pumped out. (3) Finally there is the marine railway, on which the vessel is drawn out of the water, instead of the water being drawn away from the vessel. A ship is no more and no less on land when it rests in a graven dry dock than when it rests on a marine railway. The three types of dry docks are not different in kind; functionally they are the same. And I see no basis for concluding that Congress treated one differently from the others for the purposes of this Act.

MR. JUSTICE BURTON concurs in the affirmance of the judgment of the Court of Appeals but does so on the ground relied upon by that court and by the District Court. This was that the Deputy Commissioner, in making the award, acted within the terms of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1426, 33 U. S. C. § 903 (a), in that the decedent, at the time of receiving his fatal injury, was engaged in cleaning a tank of a barge located on the ways of a marine railway, by means of which the barge had been hauled out of the Mississippi River for repairs. They held that his death resulted "from an injury occurring upon the navigable waters of the United States (including any dry dock)" as those terms are used in such Act. *Avondale Marine Ways* v. *Henderson,* 201 F. 2d 437, following *Maryland Casualty Co.* v. *Lawson,* 101 F. 2d 732, and *Continental Casualty Co.* v. *Lawson,* 64 F. 2d 802.