HARRISON BROTHERS DRY DOCK AND REPAIR YARD, INC., a corporation, and Aetna Insurance Company, a corporation, Plaintiffs,

v.

P. J. DONOVAN, Deputy Commissioner, Seventh Compensation District, Bureau of Employees Compensation, United States Department of Labor, and Leroy Holland, Defendants.

Civ. A. No. 2567.

United States District Court
S. D. Alabama, S. D.
May 19, 1961.

Foreman & Brown, Mobile, Ala., for plaintiffs.

Ralph Kennamer, U. S. Atty., Alfred P. Holmes, Jr., Asst. U. S. Atty., Mobile, Ala., for Deputy Commissioner.

W. S. Murphy, Lucedale, Miss., for Holland.

DANIEL HOLCOMBE THOMAS, District Judge.

This action by an employer and its insurance carrier seeks, among other things, to have set aside a compensation order awarded by the Deputy Commissioner pursuant to the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C.A. § 901 et seq. The award was made to Leroy Holland for an injury sustained by him while in the employ of the plaintiff, Harrison Brothers Dry Dock and Repair Yard, Inc. It is the contention of the plaintiffs that Holland's injury is not covered by the Longshoremen's and Harbor Workers' Compensation Act but by the State Workmen's Compensation Law.

The facts as they appear from the record before the Deputy Commissioner are as follows: Leroy Holland was employed by the Harrison Brothers Dry Dock and Repair Yard, Inc., at Mobile, in the State of Alabama, in the Seventh Compensation District, which District was established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. The liability of the employer for compensation under said Act was insured by the plaintiff Aetna Insurance Company. The employer operated on his premises, among other things, a marine railway. On June 20, 1957, Holland was engaged in the course of his employment as a helper or laborer. Holland and two fellow workers were cleaning out an area around and underneath a barge which was on the marine railway. While attempting to remove a large heavy hose that was lying perpendicular to the barge and partially under the barge, Holland injured his back. At the time, one worker was on the land nearest the edge of the barge, Holland was on the land four or five feet behind him, and the other worker was five or six feet behind Holland. All of the men were on the land adjacent to the marine railway. They were not on the marine railway; they were not on the barge; they were not on a dry dock.

The employer paid compensation to Holland in 1957 under the Alabama Workmen's Compensation Law (Title 26, Section 253 et seq., Code of Alabama 1940). On May 11, 1959, Holland filed a claim with the Deputy Commissioner, claiming benefits under the Longshoremen's and Harbor Workers' Compensation Act. A Formal Conference was begun in the matter on February 4, 1960, and was continued until March 22, 1960. On March 10, 1961, the defendant P. J. Donovan, Deputy Commissioner, made a Findings of Fact and Award, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, awarding Holland compensation for temporary total disability and temporary

partial disability from June 21, 1957, to March 22, 1960, inclusive. The Findings of Fact and Award are challenged by the plaintiffs, who contend that the Deputy Commissioner did not have jurisdiction over Holland's claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act because the injury did not occur upon the navigable waters of the United States (including any dry dock).

On April 28, 1961, order was entered restraining the defendant P. J. Donovan, Deputy Commissioner, from enforcing the compensation order and award, pending final decision on the merits of this appeal from said award. At the time the restraining order was entered, the following findings and conclusions were made:

1. The claimant is financially not responsible and any payment of money to him by plaintiffs could not be recovered.

2. The lump sum awarded was accumulated because of the delay of the claimant for twenty-three months in filing his claim, and the twenty-one months required by the Deputy Commissioner to process the claim, during which time the plaintiffs could not conclude the matter.

3. There is a grave question whether or not the Bureau of Employees' Compensation has jurisdiction.

4. If the award of compensation was made when there was no jurisdiction, the plaintiffs would be required to pay money that they do not legally owe, and same would result in irreparable damage to the plaintiffs.

■■ On review, the sole question is whether or not there is substantial evidence in the record considered as a whole to support the Deputy Commissioner's findings and award. The court may not re-try the facts to determine how it would decide the matter if it were before the court de novo. O'Leary v. Brown–Pacific–Maxon, Inc., 340 U.S. 504, 71 S. Ct. 470, 95 L.Ed. 483; Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913; John W. McGrath Corporation v. Hughes, 2 Cir.,

1959, 264 F.2d 314. The conclusion of the Deputy Commissioner that a case falls within the federal jurisdiction of the Longshoremen's and Harbor Workers' Compensation Act is entitled to great weight and will be rejected only in cases of apparent error. Davis v. Department of Labor and Industries of State of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. Mindful of these guidelines, I have examined the entire record carefully and find that the evidence compels the conclusion that the Bureau of Employees' Compensation does not now have, and has never had, jurisdiction of this matter, since the accident occurred on land and not at a place covered by the Act.

Section 903(a) of the Act limits its coverage as follows: "Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. * * "

■ Claims under the Act are governed by maritime law as established by Congress, and jurisdiction under the Act depends upon the locality where the injury occurs. Johnston v. Marshall, 9 Cir., 1942, 128 F.2d 13; Jeffers v. Foundation Co., 2 Cir., 1936, 85 F.2d 24.

■■ The fact that a marine railway is a "dry dock" within the Act is settled. Avondale Marine Ways, Inc. v. Henderson, 5 Cir., 1953, 201 F.2d 437, 346 U.S. 366, 74 S.Ct. 100, 98 L.Ed. 77; Western Boat Bldg. Co. v. O'Leary, 9 Cir., 1952, 198 F.2d 409; Maryland Casualty Co. v. Lawson, 5 Cir., 1939, 101 F.2d 732; Continental Casualty Co. v. Lawson, 5 Cir., 1933, 64 F.2d 802. It has also been held that the word "upon", as used in this Act authorizing compensation for "an injury occurring upon the navigable waters of the United States (including any dry dock)", is used in its territorial sense rather than functional sense. O'Lough-

lin v. Parker, 4 Cir., 1947, 163 F.2d 1011, 1012.

In the case on review, the record is barren of any evidence to sustain a finding that the claimant was injured upon the navigable waters of the United States (including any dry dock). The injury occurred on the land. The locus was therefore within the jurisdiction of the State, whose laws alone determine the employers' liability here.

The compensation order must be set aside.