**PORT HOUSTON IRONWORKS, INC., and American Mutual Liability Insurance Co., Plaintiffs,**

**v.**

**Hon. C. D. CALBECK, Deputy Commissioner, Eighth Compensation District, and John William Welch, Defendants.**

**Civ. A. No. 63–H–460.**

United States District Court
S. D. Texas,
Houston Division.
March 18, 1964.

ing ways" in this case are sufficiently similar to other structures included in the comprehensive term "drydock" to sustain the deputy commissioner in his finding of jurisdiction. In the light of those opinions, especially as they delimit the "twilight zone," the Puget Sound[1] and Atlantic[2] cases are not persuasive.

It appearing to the Court after plenary hearing that the award is supported by substantial evidence, the action of the deputy commissioner is therefore affirmed.

---

Baker, Heard, Elledge & Watkins, A. J. Watkins, Houston, Tex., for American Mutual Liability Ins. Co.

Royston, Rayzor & Cook, E. D. Vickery, Houston, Tex., for Port Houston Ironworks, Inc.

Woodrow Seals, U. S. Atty., Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for C. D. Calbeck.

William Wayne Kilgarlin, Houston, Tex., for John William Welch.

HANNAY, District Judge.

This is a suit to set aside an award of compensation granted pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Plaintiffs attack the jurisdiction of defendant deputy commissioner C. D. Calbeck to enter such award, contending that the situs of the injury to defendant John William Welch was such that his remedies were limited to those provided by the Texas Workmen's Compensation Act. The most recent authorities suggest a contrary conclusion. Calbeck v. Travelers Insurance Co., 1962, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368; Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc. (5 Cir. 1962), 306 F.2d 369. The thrust of those cases is to obliterate nice distinctions constrictive of admiralty jurisdiction. The "build-

---

1. Puget Sound Bridge & Dry Dock Co. v. O'Leary, (W.D.Wash.), opinion filed December 13, 1963. 224 F.Supp. 557.

2. Atlantic Stevedoring Co., Inc. v. O'Keeffe (S.D.Ga.1963), 220 F.Supp. 881.