**John HOUSER, Libelant,**

v.

**J. J. O'LEARY, Deputy Commissioner, Fourteenth Compensation District, Respondent,**

**American Mail Line, Ltd., a corporation, and Fireman's Fund Insurance Company, a corporation, Intervenors.**

**Civ. No. 65–375.**

United States District Court
D. Oregon.

March 19, 1966.

Pozzi, Levin & Wilson, Portland, Or., for libelant.

Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or. for respondent.

Gray, Fredrickson & Heath, Portland, Or., for intervenors.

SOLOMON, Chief Judge:

Libelant, John Houser, appeals from a decision of the Deputy Commissioner denying him compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. §§ 901–950. This case is now before the Court on motions for summary judgment filed by all of the parties.

The facts are not in dispute. Houser was injured on May 1, 1965, while employed as a longshoreman by W. J. Jones, Inc., stevedores. He was working as a slingman on a pier adjacent to the vessel GUAM BEAR, which was afloat in navigable waters. Houser's job was to stand aboard a railroad car and hook a sling onto a load of creosoted piling which was then lifted from the railroad car to the deck of the vessel by the vessel's gear. As Houser stepped aboard the railroad car and prepared to hook a sling onto a

load of piling, he fell over backwards from the car to the pier, a distance of approximately 18 feet. He suffered injuries to his head, right shoulder, and ribs.

The pier, Terminal No. 1 of the Portland Public Docks, runs approximately 1,100 feet alongside the Willamette River. It extends on pilings 34 feet over the water. Two railroad tracks run along the pier; the one on which Houser was injured was within ten feet of the water side of the pier.

Compensation under the Longshoremen's and Harbor Workers' Act is available only when the injury is suffered "upon the navigable waters of the United States (including any dry dock)." 33 U.S.C. § 903(a). The Deputy Commissioner followed a long line of cases holding that a pier is an extension of the land and held that Houser's injury was not compensable under the Act because it did not occur upon the navigable waters of the United States. See, e. g., Swanson v. Marra Bros. Inc., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946); Johnston v. Marshall, 128 F.2d 13 (9 Cir. 1942); American Export Lines, Inc. v. Revel, 266 F.2d 82 (4 Cir. 1959).

Houser argues that the "navigable water" concept should be expanded to make coverage under the Act co-extensive with the limits of admiralty jurisdiction. The Admiralty Extension Act of 1948 extended maritime jurisdiction to injuries occurring on land but caused by a vessel on navigable water. 46 U.S.C. § 740. It thus made admiralty remedies available for at least some injuries suffered upon a pier. Houser then argues that State compensation plans cannot apply to injuries suffered within the admiralty jurisdiction [see Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917)] and that the Longshoreman's Act must be interpreted to fill the void.

Houser's argument has been uniformly rejected, most recently in an opinion by the Honorable Walter E. Hoffman, an able and distinguished trial judge from the Eastern District of Virginia, Norfolk Division. East v. Oosting, 245 F. Supp. 51 (E.D.Va.1965). See also Johnson v. Traynor, 243 F.Supp. 184 (D.Md. 1965). Cf. Michigan Mutual Liability Co. v. Arrien, 344 F.2d 640 (2 Cir. 1965). These cases also reject the contention that the water under a pier is navigable within the meaning of the Act.

I am convinced that the interpretation given to the Act by these cases is correct. The libelant's motion for summary judgment is denied. The motion for summary judgment of the respondent and intervenors is granted.