**GRETNA MACHINE AND IRON WORKS, INC. and the Fidelity and Casualty Company of New York, Plaintiffs-Appellants,**

v.

**Raymond E. NEUMAN, Deputy Commissioner, etc., Defendant-Appellee.**

**No. 30125.**

United States Court of Appeals, Fifth Circuit.

July 13, 1971.

---

David R. Normann, New Orleans, La., for plaintiffs-appellants.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Leavenworth Colby, Spec. Asst. to the Atty. Gen., Morton Hollander, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GODBOLD, CLARK and IN-GRAHAM, Circuit Judges.

PER CURIAM:

Arthur E. Baum, Sr., a welder, was injured as a result of a fall from a ladder inside a graven or sunken building way used for new ship construction. He applied for compensation benefits under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. Section 3 thereof, 33 U.S.C.A., § 903, reads as follows:

§ 903. Coverage

(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. No compensation shall be payable in respect of the disability or death of—

(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net; or

(2) An officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof.

(b) No compensation shall be payable if the injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another.

Mar. 4, 1927, c. 509, § 3, 44 Stat. 1426.

The application was heard before Raymond E. Neumann, Deputy Commissioner, who filed findings of fact and conclusions of law and an award granting the benefits of the Act to Baum.

Upon petition for review before the district court, both sides moved for summary judgment. The district court by summary judgment, 316 F.Supp. 147, affirmed the deputy commissioner's award and conclusion that the graven or sunken building way in which Baum was injured was "any dry dock" within the meaning of the Act.

We affirm. The language of the Act "any dry dock" is broad and inclusive and not restrictive. There is a long history of the broad, rather than the restrictive judicial interpretation of the Act as it applies to compensation benefits. Calbeck v. Travelers Ins. Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962); Avondale Marine Ways, Inc. v. Henderson, Deputy Commissioner, 346 U.S. 366, 74 S.Ct. 100, 98 L.Ed. 77 (1953); Pennsylvania Railroad Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953); O'Leary, Deputy Commissioner v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Cardillo, Deputy Commissioner

v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); Parker, Deputy Commissioner v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184 (1941); De Bardeleben Coal Corp. v. Henderson, Deputy Commissioner, 142 F.2d 481 (5 Cir., 1944).

Here the deputy commissioner and the court below found that the employer's facility was a shipbuilding drydock according to the definition in the Health and Safety Regulations for Shipbuilding, 1964, 29 C.F.R. § 1502.2(c) and (d). An award of compensation must, of course, be upheld unless forbidden by law or without support in the evidence. In O'Keeffe, Deputy Commissioner v. Smith, Hinchman and Grylls Associates, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965), the Court said: "The rule of judicial review has therefore emerged that the inferences drawn by the Deputy Commissioner are to be accepted unless they are irrational or 'unsupported by substantial evidence.'" We are of the opinion that the findings of the deputy commissioner are supported by substantial evidence and should be upheld.

The judgment of the district court is affirmed.