**342**

52(c) in composing a local board. This was based on the government's stipulation that the involved board could have been properly constituted. We directed that, before again acting on Cabbage's, case, the government "move promptly to reconstitute the Selective Service Board * * * in accordance with the applicable regulation." We did not, however, overrule United States v. Brooks, 415 F.2d 502 (6th Cir. 1969). In *Brooks* we had held that a board constituted as was the board in this case, was nevertheless a *de facto* board and its action could not be collaterally attacked. We said:

> "We consider also that the action of Local Board 20 cannot be here challenged on the ground of the lack of proper residential qualifications of some of its members. It was in all events a *de facto* board whose action is not subject to this collateral attack." 415 F.2d at 505.

Judgment affirmed.

**Raymond GEIGER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71-2114**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

Raymond Geiger, pro se.

Robert W. Rust, U. S. Atty., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**KELSO MARINE, INC. and The Travelers Insurance Company, Plaintiffs-Appellants,**

v.

**Lee H. HOLLIS, Deputy Commissioner, Eighth Compensation District, and Isuaro P. Alvarado, Defendants-Appellees.**

**No. 30736**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1971.

Chas. B. Smith, Ervin A. Apffel, Jr., Galveston, Tex., for plaintiffs-appellants.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**343**

Anthony J. P. Farris, U. S. Atty., William A. Petersen, Jr., Houston, Tex., Leavensworth Colby, Sp. Asst., Morton Hollander, Chief, Appellate Section, U.S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. Gretna Machine & Iron Works, Inc. v. Neuman, 5 Cir. 1971, 446 F.2d 550. See Local Rule 21.[1]

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas C. BRACKETT, Defendant-Appellant.**

No. 71-1192
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1971.
Rehearing and Rehearing En Banc
Denied Dec. 2, 1971.

Harry H. Perdue, Montgomery, Ala., Court-appointed, for defendant-appellant.

Ira De Ment, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1971, 430 F. 2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Anthony DIGIOVANNI,**
**Defendant-Appellant.**

No. 71-2064
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.