16-3795-cv
Wyckoff v. Office of the Comm'r of Baseball, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of August, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                      *Circuit Judges*.
             BRIAN M. COGAN,[1]
                      *District Judge*.

_____

JORDAN WYCKOFF, Individually and on behalf of all others similarly situated, DARWIN COX,

                 *Plaintiffs-Appellants*,

                 v.                                              16-3795-cv

OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, ALLAN H. SELIG, ROBERT D. MANFRED, JR., KANSAS CITY ROYALS BASEBALL CORP, MIAMI MARLINS, L.P., SAN FRANCISCO BASEBALL ASSOCIATES LLC, BOSTON RED SOX BASEBALL CLUB L.P., ANGELS BASEBALL LP, CHICAGO WHITE SOX LTD., ST. LOUIS CARDINALS, LLC, COLORADO ROCKIES BASEBALL CLUB, LTD., THE BASEBALL CLUB OF SEATTLE, LLLP, THE CINCINNATI REDS, LLC, HOUSTON BASEBALL PARTNERS LLC, ATHLETICS INVESTMENT

_____

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

1

GROUP, LLC, ROGERS BLUE JAYS BASEBALL
PARTNERSHIP, CLEVELAND INDIANS BASEBALL CO.,
L.P, CLEVELAND INDIANS BASEBALL CO., INC., PADRES
L.P., SAN DIEGO PADRES BASEBALL CLUB, L.P.,
MINNESOTA TWINS, LLC, WASHINGTON NATIONALS
BASEBALL CLUB, LLC, DETROIT TIGERS, INC., LOS
ANGELES DODGERS LLC, LOS ANGELES DODGERS
HOLDING COMPANY LLC, STERLING METS L.P.,
ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.,
AZPB L.P., BALTIMORE ORIOLES, INC., BALTIMORE
ORIOLES LIMITED PARTNERSHIP, THE PHILLIES,
PITTSBURGH ASSOCIATES, L.P., TAMPA BAY RAYS
BASEBALL LTD., RANGERS BASEBALL EXPRESS, LLC,
RANGERS BASEBALL, LLC, CHICAGO CUBS BASEBALL
CLUB, LLC, MILWAUKEE BREWERS BASEBALL CLUB,
INC., MILWAUKEE BREWERS BASEBALL CLUB, L.P.,
NEW YORK YANKEES P'SHIP,

*Defendants-Appellees.*[2]

---

Appearing for Appellants:    Garrett R. Broshuis, Korein Tillery, LLC (Robert L. King, George A. Zelcs, *on the brief*), St. Louis, MO.

Judith S. Scolnick, Peter A. Barile, III, Christopher M. Burke, Scott + Scott, Attorneys at Law, LLP, New York, NY, and San Diego, CA.

Michael Dell'Angelo, Patrick F. Madden, Berger & Montague, P.C., Philadelphia, PA.

Appearing for Appellees:    Elliot R. Peters, Keker & Van Nest LLP (John W. Keker, R. Adam Lauridsen, Thomas E. Gorman, *on the brief*), San Francisco, CA.

Elise M. Bloom, Adam M. Lupion, Proskauer Rose LLP, New York, NY.[3]

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

---

[2] The Clerk of Court is respectfully directed to amend the caption as above.
[3] Appearing for Appellees other than Baltimore Orioles Limited Partnership and Baltimore Orioles, Inc.

Plaintiffs-Appellants Jordan Wyckoff, individually and on behalf of other professional baseball scouts, and Darwin Cox (collectively, "Plaintiffs"), appeal from the November 3, 2016 judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*). That judgment dismissed Plaintiffs' purported class action suit alleging violations of the Sherman Act, New York's Donnelly Act, and the Fair Labor Standards Act by the Office of the Commissioner of Baseball, doing business as Major League Baseball, its current and former Commissioner, and its 30 professional baseball clubs (the "Franchises") (collectively, "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs argue primarily that Defendants conspired to decrease competition in the labor market for professional baseball scouts in violation of the Sherman Act and New York's Donnelly Act. Moreover, they argue that the district court erred by ignoring factual allegations indicating that the professional baseball scouts' claims fall outside professional baseball's long-recognized exemption from antitrust regulation. We disagree and affirm the district court's decision.

This Court reviews a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99-100 (2d Cir. 2015). When reviewing the dismissal of a complaint for failure to state a claim, this Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *See Adelson v. Harris*, 774 F.3d 803, 807 (2d Cir. 2014).

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. Since 1922, however, the Supreme Court has recognized a judicially created exemption from antitrust regulation for the business of baseball. *See Fed. Baseball Club of Balt. v. Nat'l League of Prof'l Baseball Clubs*, 259 U.S. 200, 208-09 (1922). Despite heavy criticism, the Supreme Court has repeatedly affirmed baseball's antitrust exemption. *See Toolson v. New York Yankees, Inc.*, 346 U.S. 356, 357 (1953) (per curiam) ("[T]he business of providing public baseball games for profit between clubs of professional baseball players was not within the scope of the federal antitrust laws."); *Flood v. Kuhn*, 407 U.S. 258, 282, 284 (1972) (recognizing that baseball's antitrust exemption was an established "aberration" and "adher[ing] once again to *Federal Baseball* and *Toolson* and to their application to professional baseball"). Our Court has applied this precedent to exempt from antitrust regulation certain claims brought by professional baseball umpires against the American League. *See Salerno v. Am. League of Prof'l Baseball Clubs*, 429 F.2d 1003, 1005 (2d Cir. 1970) (Friendly, *J.*) ("[P]rofessional baseball is not subject to the antitrust laws.").

In 1998, Congress passed the Curt Flood Act, which created an exception to baseball's antitrust exemption for major league baseball players. *See* 15 U.S.C. § 26b. The Act clearly stated that this exception applied only to major league baseball players and not to others "employed in the business of organized professional baseball." *Id.* § 26b(b)(5).

In light of the binding precedent from the Supreme Court and from this Circuit, and the limited exception created by Congress in the Curt Flood Act, we refuse Plaintiffs' invitation to

adopt a narrower reading of baseball's antitrust exemption here. Because we are bound by that precedent, we hold that Defendants' conduct in this case is insulated from antitrust scrutiny.

Plaintiffs' own allegations foreclose their argument that they are not involved in the business of baseball. The complaint states that professional baseball scouts "assess baseball players and project the players' abilities to perform at the major league level, and they present that information to the Franchises." App'x at 41 ¶ 93. Plaintiffs acknowledge that this information is "important and valuable to the Franchises," because it "guide[s] the Franchises' decisions on how to rank players to be acquired" through free agency, the amateur draft, and other player acquisition means. App'x at 41 ¶¶ 95-96. Plaintiffs further acknowledge that because the Franchises "place importance on the acquisition and development of baseball players, . . . a scout who is good at evaluating baseball players has great value." App'x at 48 ¶ 127. Based on Plaintiffs' allegations, the district court properly concluded that professional baseball scouts are involved in the business of baseball and, therefore, that the complained-of conduct fails to state a claim for which relief can be granted under existing precedent.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4